**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

-vs-                                                                                          Case No.  8:06-cr-195-T-24TGW

LUIS ARIEL RIVERA

_____/

# O R D E R

This cause comes before the Court for consideration of Defendant's Motion to Reconsider Bond (Doc. No. 78).  The Government filed a Response in opposition thereto (Doc. No. 79).

On January 3, 2007, Defendant Rivera entered a guilty plea to Count One of the Indictment, which charged him with conspiracy to distribute five (5) kilograms or more of cocaine in violation of Title 21, United States Code, §§ 841(a)(1) and 846.  The maximum penalty for this offense is life imprisonment.  This Court, thereafter, accepted Defendant's plea and adjudicated him guilty of the offense.

Defendant Rivera requested to remain on bond pending sentencing.  This Court ultimately decided that Defendant should not be released as the equity in his home, which had previously been pledged as security for his appearance, had been further encumbered for the payment of his attorney's fees, and, as such, no equity or security existed in the property.

Defendant now requests reconsideration by suggesting additional property be used to secure his previous bond.  The United States objects to Defendant's release arguing that the appropriate statutes require that Defendant be detained pending sentencing unless "exceptional reasons" are found why Defendant's detention would not be appropriate and that no such exceptional reasons are present in this case.  This Court agrees.

A defendant who has been convicted of a drug offense for which the maximum term of imprisonment is ten years or more <u>shall</u> be detained pending sentencing unless:

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Defendant Rivera does not meet either criteria in § 3143(a)(2)(A)(i) or (ii) and, hence, is not eligible for release.

A defendant who does not meet the above criteria may, nevertheless, be released if the Court fines that the conditions in § 3143(a)(1) have been met <u>and</u> "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The Court finds that no such exceptional reasons have been shown here. See <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir. 2004); <u>United States v. Brown</u>, 368 F.3d 992, 993 (8th cir. 2004).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reconsider Bond (Doc. No. 78) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of February, 2007.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge